David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
Scott Lawrence, SBN: 24087896
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
Telephone:   (214) 720-4300
Facsimile:    (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com
scott.lawrence@akerman.com
-and-
Esther A. McKean (*Pro Hac Vice* Pending)
Florida Bar No. 28124
Florida Bar Number 028124
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
esther.mckean@akerman.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WILLIAMS FINANCIAL GROUP, INC., | § | Case No. 17-33578-HDH |
| | § | |
| Debtor. | § | |
| In re: | § | Chapter 11 |
| | § | |
| WFG MANAGEMENT SERVICES, INC., | § | Case No. 17-33579 |
| | § | |
| Debtor. | § | |
| In re: | § | Chapter 11 |
| | § | |
| WFG INVESTMENTS, INC., | § | Case No. 17-33580 |
| | § | |
| Debtor. | § | |
| In re: | § | Chapter 11 |
| | § | |
| WFG ADVISORS LP, | § | Case No. 17-33581 |
| | § | |
| Debtor. | § | (Joint Administration Pending) |

## DEBTORS' EMERGENCY MOTION
## FOR ORDER AUTHORIZING JOINT ADMINISTRATION
## PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1(a)

The debtors and debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Order") pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1(a) of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), authorizing the Debtors to jointly administer their chapter 11 cases. In support of this motion (the "Motion"), the Debtors rely upon the *Declaration of David Williams in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[1] filed contemporaneously herewith and incorporated herein by reference, and respectfully state as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, along with Bankruptcy Rule 1015 and Rule 1015-1(a) of the Local Rules.

### BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their property as debtors and debtors-in-possession pursuant to sections 1107(a) and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

3. Williams Financial Group, Inc. ("WFG"), a Texas corporation, is a holding company, and is the direct or indirect parent of each of the other Debtors.

4. WFG Management Services, Inc. ("Management") provided management services to the Debtors.

5. WFG Advisors, LP, ("WFGA"), was an SEC Registered Investment Advisor. WFGA provided fee-based wealth advisory and retirement services that included: wrap accounts, advisor directed or third party-managed accounts, asset allocation and portfolio reporting, tax trust and estate and financial planning services. WFGA was not a custodian and never held any client assets. WFGA started winding up its affairs in August of 2017 and its current sole source of revenue is pre-petition earned advisory fees.

6. WFG Investments, Inc., ("WFGI") was formerly a broker-dealer engaged in the business of facilitating transactions in securities, but has ceased operations and is currently engaged in the windup and liquidation of its business. WFGI operated primarily on an independent registered representative model. Prior to commencing the windup of its operations, the Debtor had approximately 225 registered representatives, all of whom were independent contractors who owned and ran their own businesses, while being licensed through and supervised by the Debtor.

7. Additional details regarding the Debtors' business, assets, capital structure, and the circumstances leading to the filing of this Chapter 11 Case are set forth in the First Day Declaration filed contemporaneously herewith and incorporated herein by reference as though set forth in full.

**RELIEF REQUESTED**

8. By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015 and Local Rule 1015-1(a), directing the joint administration of the Chapter 11 Cases for procedural purposes only.

9. Many of the motions, applications, hearings and orders that will arise in these chapter 11 cases will jointly affect each Debtor. For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors and other parties in interest would be best served by the joint administration of these Chapter 11 Cases. In order to optimally and economically administer the Chapter 11 Cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to WFG.

10. The Debtors also request that the Clerk of the Court maintain one file and one docket for the Chapter 11 Cases, which file and docket shall be the file and docket for WFG.

11. The Debtors further request that the caption of the Chapter 11 Cases be modified as follows to reflect their joint administration:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WILLIAMS FINANCIAL | § | Case No. 17-33578 |
| GROUP, INC., *et al*[2] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Williams Financial Group, Inc. (8972); WFG Management Services, Inc. (7450); WFG Investments, Inc. (7860) and WFG Advisors, LP (9863). The address for all the Debtors is 2711 N. Haskell Ave., Suite 2900, Dallas, TX 75204.

12. In addition, the Debtors seek the Court's direction that a separate docket entry be made on the docket of each of the other Debtors' chapter 11 cases, substantially as follows:

> An order has been entered in this case directing the joint administration for procedural purposes only of the chapter 11 cases of Williams Financial Group, Inc.; WFG Management Services, Inc.; WFG Investments, Inc.; WFG Advisors, LP; and all subsequently filed chapter 11 cases of such debtors' affiliates. The docket in the chapter 11 case of Williams Financial Group, Inc., Case No. 17-33578 should be consulted for all matters affecting this case.

## BASIS FOR RELIEF REQUESTED

13. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the Court may order a joint administration of the estates." FED. R. BANKR. P. 1015(b). In this case, all of the Debtors are "affiliates" of WFG as that term is defined in section 101(2) of the Bankruptcy Code, and accordingly, this Court has the authority to grant the relief requested herein.

14. Additionally, the joint administration of the Debtors' respective estates will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases.

15. The joint administration of these chapter 11 cases will also permit the Clerk of the Court to utilize a single docket for all the Chapter 11 Cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. In addition, there will likely be numerous motions, applications, and other pleadings filed in these Chapter 11 Cases that will affect most or all of the Debtors. Joint administration will permit counsel for all parties in interest to include the Chapter 11 Cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in each of the Chapter 11 Cases to stay apprised of all the various matters before the Court.

16.     Joint administration of these Chapter 11 Cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Because these Chapter 11 Cases involve four (4) Debtors, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, render the completion of various administrative tasks less costly and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee.

17.     For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## **EMERGENCY CONSIDERATION**

18.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to their Chapter 11 Cases and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

19. Notice of this Motion has been provided to the Office of the United States Trustee and to the Debtors' twenty (20) largest unsecured creditors. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A granting the requested relief and such other and further relief as it deems just and proper.

Dated: September 24, 2017

Respectfully submitted,

AKERMAN LLP

*/s/ David W. Parham*
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
Scott Lawrence, SBN: 24087896
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
Telephone:   (214) 720-4300
Facsimile:   (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com
scott.lawrence@akerman.com

and

Esther A. McKean (*Pro Hac Vice* Pending)
Florida Bar No. 28124
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
esther.mckean@akerman.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION

42854331;1